UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDELL KINSEY, JR., | 2:07–CV–01729–NRS |
| Petitioner, | |
| v. | ORDER |
| A. HEDGPETH, et al., | |
| Respondents. | |

Petitioner Ledell Kinsey, Jr., is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2005, a jury convicted Kinsey of corporal injury upon a cohabitant or former cohabitant, assault by means of force likely to produce great bodily injury, making criminal threats, and forcible rape. He was subsequently sentenced to state prison for 50 years to life plus a determinate sentence of 28 years.

In his habeas petition, Kinsey claims: (1) the admission of evidence regarding prior acts of domestic violence to prove his propensity to commit the charged assault violated his federal constitutional rights to due process and a fair trial under

the Fifth and Sixth Amendments;[1] (2) the preponderance of the evidence standard, used in the court's jury instructions regarding prior acts of domestic violence, violated his constitutional rights to due process and a fair trial under the Fifth and Sixth Amendments; (3) his right to effective assistance of counsel under the Sixth Amendment was violated when his trial counsel failed to call a key defense witness; (4) the trial court improperly imposed two great bodily injury sentencing enhancements; and (5) the trial court erred by imposing two one-year sentences due to petitioner's prior prison terms.

Kinsey brought all but the last of his claims to the California Court of Appeal, Third Appellate Division, which denied his petition in a reasoned opinion. His petition for review with the California Supreme Court was subsequently denied. On August 23, 2007, Kinsey filed a writ of habeas corpus with this court. Having received the State's Answer and Kinsey's Traverse, the court now DENIES all of the claims raised in Kinsey's petition.

## I. HABEAS PETITION

---

[1] Kinsey also claims that admission of the domestic violence propensity evidence violates his federal constitutional right to equal protection under the Fourteenth Amendment. Since this claim was not raised and exhausted in state court pursuant to 18 U.S.C. § 2254(b)(2), this court cannot provide habeas relief on the equal protection claim.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for habeas corpus will not be granted unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). "Rather, that application must be objectively unreasonable." *Id.* at 76.

Moreover, Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court

must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Corpus Rule 4.

When determining whether a petitioner is entitled to habeas relief from the state court judgment, the court looks to the last reasoned state court decision as the basis for the state court judgment. *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) ("In reviewing a state court's summary denial of a habeas petition, this court must 'look through' the summary disposition to the last reasoned decision."); *see also Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)). Thus, the court must determine whether the California Court of Appeal's denial of Petitioner's habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A. <u>Admission of Domestic Violence Propensity Evidence</u>

Kinsey first claims that the admission of evidence of his prior acts of domestic violence to prove his propensity to commit the charged assault violated his state and federal constitutional rights to due process and a fair trial under the Fifth

and Sixth Amendments. Pursuant to California Evidence Code section 1109, the trial court allowed the prosecution to admit evidence of Kinsey's prior acts of violence against the victim, Joni M., and against Kinsey's former girlfriend, Wanda Jackson. Kinsey argues that section 1109, and its enabling counterpart, section 1101, are unconstitutional. Relying on California case law, the Court of Appeal denied Kinsey's constitutional challenge to the admission of domestic violence propensity evidence.[2]

For purposes of this habeas petition, Kinsey has not demonstrated that the state court's decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has yet to rule on the question whether propensity evidence admitted in a criminal trial pursuant to state law violates the Due Process Clause. *See Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity

---

[2] The California Court of Appeal explained that section 1109's constitutionality has already been settled by state courts. *See, e.g., People v. Johnson*, 91 Cal. Rptr. 2d 596, 600–02 (Cal. Ct. App. 2000) (adopting parallel analysis from the California Supreme Court's decision in *People v. Falsetta*, 986 P.2d 182 (Cal. 1999), which denied a due process challenge to California Evidence Code section 1108 permitting the admission of propensity evidence regarding past sexual offenses).

to commit a charged crime."); *Garceau v. Woodford*, 275 F.3d 769, 774 (9th Cir. 2001), *rev'd on other grounds*, 538 U.S. 202 (2003) (explaining that "the Supreme Court has never expressly held that it violates due process to admit other crimes evidence for the purpose of showing conduct in conformity therewith" (citing *Estelle*, 502 U.S. at 75 n. 5)).  Since the Supreme Court has not clearly established that use of propensity evidence in a criminal trial violates due process, a state court's decision on the matter cannot be contrary to or an unreasonable application of Supreme Court precedent under AEDPA.  *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (2006) (denying a due process claim upon the use of propensity evidence for want of a "clearly established" rule from the Supreme Court).  Therefore, Kinsey's claim for relief on this ground is DENIED.

B. <u>Propensity Evidence Jury Instruction</u>

     Kinsey next claims that the preponderance of the evidence standard used in the jury instructions—regarding prior acts of domestic violence—violated his constitutional right to (1) due process and (2) to a jury trial by proof beyond a reasonable doubt.  The jury charge at issue, California Criminal Jury Instruction No. 2.50.02,  instructed:

> If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit another offense involving

6

    domestic violence. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime of which he is accused.

    However, if you find by a preponderance of the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged offense. If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime.

    You must not consider this evidence for any other purpose.

Kinsey argues that this instruction misled the jury regarding the prosecution's burden of proof for the charged offenses.

    Kinsey has not demonstrated, however, that the California Court of Appeal's decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In assessing claims of instructional error, the dispositive inquiry is "'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'" *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id.* (quoting *Cupp*, 414 U.S. at 147). If the charge as a

whole is ambiguous, the question is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id.* (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

Relying on the California Supreme Court's analysis in *People v. Reliford*, 62 P.3d 601, 606–07(2003),[3] the California Court of Appeal found that the domestic violence propensity instruction at issue here was not reasonably likely to be applied in a way that would violate Kinsey's constitutional rights.  Significantly, the instruction explicitly provided that an inference relating to prior acts of domestic violence "is not sufficient, by itself to prove beyond a reasonable doubt that he committed the charged offense."  Since Kinsey has not demonstrated that the state court's ruling was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), the court must DENY Kinsey's habeas claim for relief on this ground.

---

[3] In *Reliford*, the defendant challenged a nearly verbatim instruction, regarding propensity evidence of prior sexual offenses, arguing that the instruction would mislead the jury concerning the purportedly limited purpose of the prior crimes evidence, and would mislead the jury into believing they could convict the defendant with a lesser burden of proof.  The California Supreme Court nonetheless explained that, taken as a whole, "no juror could reasonably interpret the instructions to authorize conviction of a charged offense based solely on proof of an uncharged [prior] offense," or "to authorize conviction of the charged offenses based on a lowered standard of proof." *Reliford*, 62 P.3d at 606.

C. <u>Ineffective Assistance of Counsel</u>

Kinsey further claims that he was deprived of his right to effective assistance of counsel because his trial counsel failed to call a key defense witness, without sufficient tactical justification, whose testimony might have provided an avenue of defense. Defendants raising an ineffective assistance of counsel claim must satisfy a two-prong inquiry articulated in *Strickland v. Washington.* 466 U.S. 668, 687 (1984). Under *Strickland*, the court must determine: "(1) whether the performance of counsel was so deficient that he was not functioning as 'counsel' as guaranteed under the Sixth Amendment; and (2) whether this deficient performance prejudiced the defendant by depriving him of a fair trial." *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 691–92). "In determining whether counsel's performance was deficient, [the court] appl[ies] an objective standard of reasonableness, indulging a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citing *Strickland*, 466 U.S. at 689). The court determines not what defense counsel *could* have pursued, but rather whether counsel's strategy was *reasonable*. *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998). To demonstrate that counsel's deficient representation subjected the defense to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional

9

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The witness at issue here is Daniel Mocanu, a neighbor of the victim. Mocanu could have either corroborated or raised doubts about the victim's allegations against Kinsey.  The prosecution originally included Mocanu on its pretrial witness list upon indications that he would corroborate the victim's claim that she came to his apartment following the assault and rape perpetrated by Kinsey. A subsequent interview with the prosecution's investigator, however, revealed inconsistencies in Mocanu's testimony, including his recollection of the time of the offense and the victim's whereabouts during the attack.  The prosecutor faxed a copy of the investigator's report to Kinsey's trial counsel and later ordered Mocanu to appear at Kinsey's trial, though he was never called by the prosecutor as a witness.

Kinsey's trial counsel later filed a motion for a new trial claiming that Mocanu's testimony had "significant potential . . . to cast doubt" on the victim's credibility and "may have been enough to tip the balance toward a reasonable doubt."  The prosecution responded that Mocanu was on telephone standby throughout trial, the defense never requested assistance in producing Mocanu as a

witness or requested a continuance to secure his attendance, and suggested that the defense made a tactical decision not to call Mocanu because vigorous cross-examination revealing contradictions in his testimony would raise serious questions regarding Mocanu's credibility.  The trial court denied the motion for a new trial, explaining that (1) the prosecutor provided Kinsey's counsel with the contents of the investigator's report, (2) the defense had the opportunity to call Mocanu as a witness, and (3) it was not reasonably probable that the evidence would have made a difference in the outcome of the trial.

Applying the standards articulated above, the California Court of Appeal denied Kinsey's claim of ineffective assistance of counsel on the ground that he failed to show prejudice under the second prong of the *Strickland* test.  The court explained that Mocanu's testimony was problematic, even for the defense, because (1) he was only "under the impression" that Kinsey's attack on the victim happened in a different location, and could have been easily impeached on this point with evidence from the crime scene; (2) his inconsistent statements about when the attack allegedly occurred could have been impeached with testimony from responding officers and the 911 dispatcher; and (3) Mocanu changed his story several times while speaking with the prosecution's investigator, which raised further doubts about his credibility.  Since Mocanu's statements were speculative and subject to

impeachment on various issues, a defense attorney could have made the reasonable tactical decision not to call Mocanu as a witness. The court, therefore, had sufficient basis to decline to rule that Kinsey's counsel was prejudicially deficient in failing to call Mocanu as a witness.

Since Kinsey has not demonstrated that the California Court of Appeal's adjudication of the issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d), the court finds no basis for providing habeas relief on Kinsey's ineffective assistance of counsel claim.

D. Great Bodily Injury Sentencing Enhancements

Kinsey concedes in his Traverse that the California Court of Appeal already found merit in, and remedied, Kinsey's challenge to the two great bodily injury sentencing enhancements at issue. He therefore has no basis for federal habeas corpus relief on this claim.

E. Prior Prison Term Sentencing Enhancements

Finally, Kinsey argues that the trial court erred by imposing multiple one-year prior prison term sentencing enhancements pursuant to California law. He does not

assert, however, that the alleged sentencing error "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Additionally, Kinsey has not raised and exhausted any federal claim on this issue in California state courts as required by 28 U.S.C. § 2254(b)(1)(A). Thus, the court may not provide habeas relief on this claim.

Accordingly, IT IS HEREBY ORDERED that Kinsey's Petition for Writ of Habeas Corpus is DENIED.

DATED: **August 11, 2010**

*/s/ N. Randy Smith*
_____
Honorable N. Randy Smith
U.S. Court of Appeals for the Ninth Circuit