UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDELL KINSEY, JR., | 2:07–CV–01729–NRS |
| Petitioner, | |
| v. | ORDER |
| A. HEDGPETH, et al., | |
| Respondents. | |

On August 23. 2007, Petitioner Ledell Kinsey, Jr., a state prisoner proceeding pro se, commenced this 28 U.S.C § 2254 habeas proceeding. By order dated August 11, 2010, this Court denied habeas relief. On October 28, 2010, nearly 80 days after habeas relief was denied, Kinsey filed a Notice of Appeal and the pending Application for Certificate of Appealability ("COA"). For the reasons stated below, this Court **DENIES** Kinsey's COA request.

## I. Background

In 2005, a jury convicted Kinsey of corporal injury upon a cohabitant or former cohabitant, assault by means of force likely to produce great bodily injury, making criminal threats, and forcible rape. He was subsequently sentenced to state prison for 50 years to life plus a determinate sentence of 28 years. Kinsey

challenged his conviction in the California Court of Appeal, which denied his claims.  Kinsey's subsequent petition for review in the California Supreme Court was denied.  On August 23, 2007, Kinsey filed a writ of habeas corpus with this Court, which was denied on August 11, 2010.  Kinsey filed a Notice of Appeal and requested a COA from this Court on October 29, 2010.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA).  In addition to obtaining a COA, a habeas petitioner must also file a *timely* notice of appeal.

"An appeal from a denial of a habeas petition is considered a civil matter and is thus subject to the time limitations set forth in rule 4(a)" of the Federal Rules of Appellate Procedure.  *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir. 1988).  Under Rule 4(a), an appellant is required to file notice of appeal within 30 days of the judgment date.  Fed. R. App. P. 4(a)(1)(A).  Thereafter, a 30-day extension is available upon a showing of good cause or excusable neglect.  Fed. R. App. P.

4(a)(5).  However, "[w]here an appellant fails to file a notice of appeal within the initial 30-day period set forth in rule 4(a)(1), and likewise fails effectively to move for an extension of time within the 30-day grace period set forth in rule 4(a)(5), the [Ninth Circuit] *must dismiss* the appeal for lack of appellate jurisdiction." *Malone*, 850 F.2d at 572 (emphasis added).  "The procedures set forth in Rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." *Id.* (citations omitted).

In the present case, Kinsey failed to file a notice of appeal within 30 days of the date of the judgment denying his petition, and the 30-day grace period for filing a motion to extend expired on October 11, 2010.  Kinsey filed his notice of appeal on October 28, 2010—78 days after this Court entered judgment.  The Ninth Circuit therefore lacks jurisdiction to entertain his appeal.  *Malone*, 850 F.2d at 572.  Because Kinsey's appeal was untimely, his request for a COA must be denied.

### III. Conclusion and Order

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's

motion for a certificate of appealability [Docket No. 24] is **DENIED**.  The case shall remain closed.

DATED:  **April 8, 2011**

_____
Honorable N. Randy Smith
U.S. Court of Appeals for the Ninth Circuit