UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDELL KINSEY, JR., | 2:07–CV–01729–NRS |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| A. HEDGPETH, et al., | |
| Respondents. | |

On August 23. 2007, Petitioner Ledell Kinsey, Jr., a state prisoner proceeding pro se, commenced this 28 U.S.C § 2254 habeas proceeding.  By order dated August 11, 2010, this Court denied habeas relief.  On October 28, 2010, nearly 80 days after habeas relief was denied, Kinsey filed a Notice of Intent to Appeal, which also included a request for 90-day extension of time to file a Motion for Certificate of Appealability ("COA").[1]  On April 11, 2011, the Court denied the Motion for COA.  On May 12, 2011, Kinsey filed the instant Motion for Reconsideration [Doc. No. 31], along with a Notice of Intent to Appeal [Doc.

---

[1] The Court construed this filing as a Notice of Appeal and a Motion for COA.

No. 32], and another Request for COA [Doc. No. 33]. For the reasons stated below, this Court **DENIES** Kinsey's Motion for Reconsideration.

I.   **Legal Standard**

Under Local Rule 230(j), an Application for Reconsideration must set forth "the material facts and circumstances surrounding each motion for which reconsideration is sought, including . . . what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j).

II.   **Discussion**

In his motion, Kinsey argues that he filed for a 90-day extension of time to file a notice of appeal, and that he never received a response regarding whether this request would be granted. (Mot. at 2.) Kinsey also states that he could not timely request a COA because of being in "Administrative Segregation," and subsequently being transferred to different facilities. (*Id.* at 2-3.) Kinsey apologizes for any inconvenience this may have caused the Court. (*Id.* at 4.)

As the Court explained in its first Order denying Kinsey's request for COA,

"[a]n appeal from a denial of a habeas petition is considered a civil matter and is thus subject to the time limitations set forth in rule 4(a)" of the Federal Rules of Appellate Procedure. *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir. 1988). Under Rule 4(a), an appellant is required to file notice of appeal within 30 days of the judgment date. Fed. R. App. P. 4(a)(1)(A). Thereafter, a 30-day extension is available upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5). However, "[w]here an appellant fails to file a notice of appeal within the initial 30-day period set forth in rule 4(a)(1), and likewise fails effectively to move for an extension of time within the 30-day grace period set forth in rule 4(a)(5), the [Ninth Circuit] *must dismiss* the appeal for lack of appellate jurisdiction." *Malone*, 850 F.2d at 572 (emphasis added). "The procedures set forth in Rule 4 are strictly construed; there is *no exception* for prisoners proceeding pro se or for habeas corpus actions." *Id.* (citations omitted) (emphasis added).

     Nothing in Kinsey's Motion for Reconsideration changes the outcome of the Court's denial of his request for COA. As previously explained, Kinsey filed a notice of appeal on October 28, 2010, 78 days after the Court entered judgment. This request falls outside both the 30-day notice of appeal window, as well as the 30-day grace period for filing a motion to extend (which expired on October 11, 2010). Significantly, because these deadlines were missed, the Ninth Circuit lacks

jurisdiction to entertain Kinsey's appeal. *Malone*, 850 F.2d at 572. No set of changed circumstances may be raised by Kinsey to lift this jurisdictional bar. Because Kinsey's appeal was untimely, his latest request for a COA must be denied. No further requests for a COA or motions indicating intent to appeal shall be entertained.

## III. Conclusion and Order

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [Doc. No. 31] is **DENIED**. The case shall remain closed.

DATED: **October 2, 2012**

_____
Honorable N. Randy Smith
U.S. Court of Appeals for the Ninth Circuit